In re **UNITED MISSOURI BANK OF KANSAS CITY, N.A.**, Petitioner.

No. 89–2981.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 17, 1990.

Decided April 23, 1990.

Rehearing and Rehearing En Banc Denied
June 18, 1990.

Thomas Deacy, Kansas City, Mo., for appellant.

Thomas Franklin, Kansas City, Mo., for appellees.

Before LAY, Chief Judge, BOWMAN and BEAM, Circuit Judges.

LAY, Chief Judge.

The central issue we confront is whether a bankruptcy judge acting under the Bank- ruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, 98 Stat. 333 (1984 Act), has the statutory and con- stitutional authority [1] to conduct jury trials in a core proceeding in bankruptcy. We hold, contrary to the bankruptcy court [2] and the district court,[3] that a bankruptcy judge lacks the statutory authority to con- duct jury trials in an action alleging a preferential transfer between the debtor and a third party creditor.

BACKGROUND

 The bankruptcy trustee for the Kroh Brothers Development Company bankrupt estate brought an adversary ac- tion in the bankruptcy court against United Missouri Bank of Kansas City (the Bank), seeking recovery of alleged preferential transfers of approximately $4 million plus interest. The Bank had not previously par- ticipated in the bankruptcy proceeding or filed a claim against the Kroh Brothers estate. Following the Supreme Court's de- cision in *Granfinanciera, S.A. v. Nord- berg,* —— U.S. ——, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), which recognized a sev- enth amendment jury trial right in certain bankruptcy proceedings, the Bank filed a demand for a jury trial, along with a mo- tion in the district court to withdraw the case from the bankruptcy court.[4] The bankruptcy judge found the jury trial de- mand untimely but granted the motion un- der Fed.R.Civ.P. 39(b), and ruled that the bankruptcy judge had the statutory and constitutional authority to conduct and pre- side over the jury trial.[5] The district court denied the Bank's motion to withdraw the proceeding, agreeing that the bankruptcy judge could conduct the jury trial. *Kroh Bros. Development Co. v. United Missouri Bank of Kansas City (In re Kroh Bros. Dev. Co.),* 108 B.R. 228 (W.D.Mo.1989). The Bank then filed a Petition for Writs of

---

1. Although we recognize the grave constitution- al problems posed by the issue in this case, we reach only the statutory issue.

2. The Honorable Karen See, United States Bankruptcy Judge for the Western District of Missouri.

3. The Honorable Howard Sachs, United States District Judge for the Western District of Mis- souri.

4. *See* 28 U.S.C. § 157(d) (Supp. V 1987): "The district court may withdraw, in whole or in part, any case or proceeding referred [to the bankruptcy court] under this section, on its own motion or on timely motion of any party, for cause shown."

5. We agree with the bankruptcy judge that the Bank has a constitutional right to a jury trial under *Granfinanciera.* We also find the bank- ruptcy judge did not abuse her discretion in granting the jury trial motion under Fed.R. Civ.P. 39(b). *Cf. Littlefield v. Fort Dodge Mes- senger,* 614 F.2d 581, 585 (8th Cir.1980) (no abuse of discretion in denying belated request for jury trial).

Mandamus and Prohibition in this court, seeking to restrain the district and bankruptcy courts from allowing the bankruptcy judge to conduct the jury trial in the bankruptcy court.

DISCUSSION

In deciding the issue before us we focus on two recent opinions: the Supreme Court's decision in *Granfinanciera*, 109 S.Ct. 2782; and the recent decision of the Second Circuit in *Ben Cooper, Inc. v. The Insurance Co. of Pennsylvania (In re Ben Cooper, Inc.)*, 896 F.2d 1394 (2d Cir.1990), which held that a bankruptcy judge has both the statutory and constitutional authority to conduct a jury trial in core proceedings.[6] In all due respect to our sister circuit, we must disagree with the Second Circuit's holding that a bankruptcy judge has the statutory authority to conduct jury trials.

A review of the *Granfinanciera* decision is critical to an understanding of our analysis in this case. In *Granfinanciera*, the trustee for the Chase & Sanborn bankrupt estate sought to recover alleged fraudulent transfers of approximately $1.7 million plus interest from the defendant, Granfinanciera. The trustee filed the complaint in the district court, which referred the action to the bankruptcy court. The defendant, who had not filed any claims against the bankruptcy estate, demanded a jury trial, which the bankruptcy court denied. *Granfinanciera*, 109 S.Ct. at 2787.

The Supreme Court found Granfinanciera had a seventh amendment right to a jury trial on the fraudulent transfer claim. The Court found that fraudulent transfer actions were historically brought in courts of law before juries, *id.* at 2790–94.[7] Since, under the 1984 Act, Congress had placed fraudulent transfers within the bankruptcy court's jurisdiction, *see* 28 U.S.C. § 157(b)(2), (4) (Supp. V 1987) (bankruptcy court may "hear and determine" fraudulent transfer actions), the Court considered whether Congress could preempt jury trial rights by assigning a claim to a tribunal that traditionally did not conduct jury trials. "The sole issue before us is whether the Seventh Amendment confers on petitioners a right to a jury trial in the face of Congress' decision to allow a non-Article III tribunal to adjudicate the claims against them." 109 S.Ct. at 2795.[8] The Court concluded that Congress' ability to block seventh amendment jury trial rights by assigning a claim to an Article I tribunal is limited to those disputes involving "public rights." Since a fraudulent transfer action involves private, common law rights, the Court concluded Granfinanciera was entitled to a jury trial, notwithstanding Congress' placement of the claim in a forum that traditionally did not conduct jury trials. *Id.* at 2795–2802. Thus, a party to an adversary proceeding in bankruptcy may have a seventh amendment right to a jury trial before some tribunal, and since there has been no claim filed against the Kroh bankruptcy estate, *Granfinanciera* controls here.

**A. Historical Overview**

■ With the *Granfinanciera* decision as the background, we start our analysis with a historical review of the authority of bankruptcy courts. Article I courts are

---

**6.** The Second Circuit had to decide whether a state law insurance contract claim was a core proceeding and whether the defendant was entitled to a jury trial on its adversary claim under the reasoning of *Granfinanciera*. After deciding these issues affirmatively, the court then determined that the bankruptcy court had the statutory authority to conduct a jury trial, and that there was no constitutional violation in the delegation by Congress of jury trial authority to an article I court. *In Re Ben Cooper*, 896 F.2d 1394.

**7.** The Court reached this result by relying in part on the law of preferential transfers, thus suggesting the same result applies to this claim of preferential transfers. *See Granfinanciera*, 109 S.Ct. at 2790–91 ("There is no dispute that actions to recover preferential or fraudulent transfers were often brought at law in late 18th century England.").

**8.** It is important to distinguish between the issue decided in *Granfinanciera* and the issue this court decides. The Supreme Court decided the *right* to a jury trial without deciding which judge, the district court judge or the bankruptcy judge would conduct the trial. In this case, however, we consider only the issue of which judge shall preside at the jury trial.

courts of special jurisdiction created by Congress that cannot be given the plenary powers of Article III courts. *Northern Pipeline Const. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). The authority of the Article I court is not only circumscribed by the constitution, but limited as well by the powers given to it by Congress. *See Ex parte Bakelite Corp.*, 279 U.S. 438, 449, 49 S.Ct. 411, 412, 73 L.Ed. 789 (1929); *see also Plastiras v. Idell (In Re Sequoia Auto Brokers, Ltd., Inc.)*, 827 F.2d 1281, 1284 (9th Cir.1987) ("Congress vests bankruptcy courts with their jurisdiction and their authority has no 'inherent' source."). Although we view this issue in light of the 1984 Act, the historical role of bankruptcy judges illustrates an absence of legislatively authorized power to conduct a jury trial on preferential transfers.

Under the Bankruptcy Act of 1898, *see* Act of July 1, 1898, ch. 541, 30 Stat. 544, the bankruptcy courts [9] were vested with "summary" jurisdiction over controversies involving property within the actual or constructive possession of the bankruptcy court. Matters falling within a bankruptcy court's summary jurisdiction were equitable matters that did not involve jury trials. *See Katchen v. Landy*, 382 U.S. 323, 336–37, 86 S.Ct. 467, 476–77, 15 L.Ed.2d 391 (1966). Plenary matters, involving disputes over property held by a third person, were heard in the district court, or with the consent of the parties, in the bankruptcy court. *See Marathon Pipe Line Co.*, 458 U.S. at 53, 102 S.Ct. at 2862. Traditionally, when a claim of preferential transfer was not presented in the bankruptcy proceeding and arose from a plenary action brought by the trustee in federal court the claim was not considered "integral to the restructuring of debtor-creditor relations" and was not deemed to arise "as part of the process of allowance and disallowance of claims." *Granfinanciera*, 109 S.Ct. at 2799. As *Granfinanciera* makes clear, bankruptcy courts were statutorily vested with jurisdiction at law as well and

could "oversee plenary proceedings." *Id.* at 2798 (citing *Atlas Roofing Co. v. Occupational Safety and Health Review Comm'n*, 430 U.S. 442, 454 n. 11, 97 S.Ct. 1261, 1268 n. 11, 51 L.Ed.2d 464 (1977)).

Historically, jury trials under the 1898 Act were not held in bankruptcy court, with two narrow statutory exceptions involving involuntary petitions and the dischargeability of debts. *See* Gibson, *Jury Trials in Bankruptcy: Obeying the Commands of Article III and the Seventh Amendment*, 72 Minn. L. Rev. 967, 972–73 (1988). Until 1973, there was no indication as to which forum was to conduct these jury trials. The bankruptcy rules promulgated by the Judicial Conference in 1973 required jury trials on dischargeability claims to be held in the district court unless a local rule provided otherwise. *See* Fed. Bank.R. 409(c), *reprinted in* 12 Collier on Bankruptcy (14th ed. 1976). Jury trials involving involuntary petitions were to be conducted by the bankruptcy judge unless trial was demanded before the district court or a local rule required jury trials in the district court. *See* Fed.Bank.R. 115(b), *reprinted in* 12 Collier on Bankruptcy (14th ed. 1976). Thus, there was no statutory authority for bankruptcy judges to conduct jury trials under the 1898 Act, and the procedural rules governing the bankruptcy courts did not grant this authority until 1973.

In 1978 Congress overhauled the bankruptcy system and enacted sweeping substantive and procedural changes. *See* Bankruptcy Reform Act, Pub.L. No. 95–598, 92 Stat. 2549 (1978). The 1978 Act conveyed jurisdiction over all "civil proceedings arising under title 11 or arising in or related to cases under title 11," and placed that authority in the bankruptcy courts. 28 U.S.C. § 1471(b), (c) (1982). Jury trial rights as they existed prior to the 1978 Act were preserved. *See* 28 U.S.C. § 1480 (1982). Although section 1480 did not expressly provide authority for bankruptcy judges to conduct jury trials, it is

---

**9.** The federal district courts were the designated "bankruptcy courts" under the 1898 Act, but the duties of the bankruptcy court were carried out

by "bankruptcy referees" (later called "judges"), appointed by the district court. *See* Act of July 1, 1898, ch. 541, §§ 1(8), 34, 30 Stat. 544, 555.

apparent from the extremely broad grant of jurisdiction and the legislative history that Congress intended bankruptcy courts exercise that authority.[10] The Supreme Court, however, held this broad grant of jurisdiction unconstitutional. *Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858.

Congress responded to the *Marathon* decision with the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, 98 Stat. 333 (1984 Act).[11] The 1984 act established a bifurcated method of adjudicating claims in bankruptcy court, and allocating the bankruptcy court's jurisdiction. If a claim is a "core" proceeding, the bankruptcy judge may "hear and determine" the claim and "enter appropriate orders and judgments," subject to review by the district court. *See* 28 U.S.C. § 157(b)(1). In noncore proceedings, the bankruptcy judge may only "hear" the case, and submit proposed findings of fact and conclusions of law to the district court, which retains the authority to enter a final judgment. *See* 28 U.S.C. § 158(b)(1). A bankruptcy judge may, with the consent of the parties, "hear and determine" a noncore proceeding, and enter appropriate orders and judgments. 28 U.S.C. § 158(b)(2).

The statutory process governing non-core proceedings, i.e., the bankruptcy court submitting proposed findings of fact and conclusions of law to the district court, is in our judgment incompatible with any implication that Congress has provided the bankruptcy court the authority to try jury cases in non-core proceedings.[12] Bankruptcy judges now may only "exercise the authority conferred under" the 1984 Act. 28 U.S.C. § 151 (Supp. V 1987). There is no specific grant of authority allowing or prohibiting bankruptcy judges from conducting jury trials, although jury trial rights are again preserved. *See* 28 U.S.C. § 1411 (jury trial right with respect to personal injury and wrongful death claims unaffected). Congress, however, vests the bankruptcy judges with their authority, *see In Re Sequoia Auto Brokers, Inc.*, 827 F.2d at 1284, and as the preceding historical review suggests, jury trial authority in bankruptcy courts has been, at times, contemplated. Therefore, we review the relevant statutes for an indication that Congress expressly granted bankruptcy judges the authority to conduct jury trials, or otherwise intended that they exercise that authority. Our purpose at all times is to determine the intent of Congress. *United*

**10.** *See* 28 U.S.C. § 1471(c) (bankruptcy courts shall exercise all jurisdiction granted by the 1978 Act); *see also* H.R.Rep. No. 595, 95th Cong., 1st Sess. 12 (1977), *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5963, 5973 ("Bankruptcy courts will be required to hold jury trials to adjudicate what are under present law called 'plenary suits,' that is, suits that are brought in State or Federal courts other than bankruptcy courts."); *id.* at 6400 (the broad grant of jurisdiction to bankruptcy courts allows trial in bankruptcy court of actions that were previously tried in federal or state court). The Supreme Court interpreted section 1480 as providing the bankruptcy court with authority to conduct jury trials. *See Marathon Pipe Line Co.*, 458 U.S. at 55, 102 S.Ct. at 2863.

**11.** With the enactment of the 1984 Act, 28 U.S.C. § 1480 was repealed. Some courts continued to find jury trial authority by relying in part on Bankruptcy Rule 9015, which was promulgated in 1983, after the *Marathon* decision. *See* Gibson, *supra,* at 988. Rule 9015 prescribed the procedures for jury trials. However, since it was a procedural rule, and could not create substantive rights, Rule 9015 was abrogated in 1987 to eliminate any confusion about its relevance to jury trials in bankruptcy courts. *See* 9

Collier on Bankruptcy at 9015–1 (15th ed.) (citing Advisory Committee Note on abrogation of Rule 9015).

**12.** *See Haden v. Edwards (In re Edwards)*, 104 B.R. 890, 898 (Bankr.E.D.Tenn.1989). Some bankruptcy courts however, have reconciled this language as not being inconsistent with the bankruptcy court's authority to try jury cases in non-core proceedings. *See, e.g., Perino v. Cohen (In Re Cohen)*, 107 B.R. 453, 455 (S.D.N.Y.1989) (bankruptcy courts exercise judicial authority in core and noncore proceedings); *see also* Gibson, *supra* at 1029–30 (courts concluding authority to conduct jury trials exists but declining to exercise that authority absent consent). We need not discuss this problem, since for purposes of the present case Congress has clearly delineated the issue of preferential transfers to be a core proceeding. 28 § 157(b)(2)(F). We thus view the issue of the bankruptcy court's authority to try jury cases in terms of its jurisdiction granted to "hear and determine" core proceedings.

In taking this view, we make no attempt to decide whether Congress may or may not properly define a preferential transfer dispute such as we have here a "core proceeding." *See, e.g., Granfinanciera*, 109 S.Ct. at 2800 and n. 16.

*States v. Jones*, 811 F.2d 444, 447 (8th Cir.1987).

### B. Express Authority

■ The focus of much of the debate over jury trials under the 1984 Act is 28 U.S.C. § 157, which grants bankruptcy courts the authority to take certain actions in certain cases.[13] As the Second Circuit acknowledged, the 1984 Act, and in particular section 157, does not contain any specific or express language granting a bankruptcy judge authority to conduct jury trials. *See In Re Ben Cooper*, 896 F.2d at 1402.[14] The references to jury trials in the 1984 Act address only the authority of the district court. *See* 28 U.S.C. § 157(b)(5) (1988) (personal injury and wrongful death claims shall be tried in district court). Congress has previously provided express statutory authority to conduct jury trials to a non-Article III tribunal, *see* 28 U.S.C. § 636(a)(3), (c)(1) (1982) (statutory authority of magistrates to conduct jury trials in certain cases), and thus, we believe, is aware of the language necessary to expressly grant that authority.[15] The language of the 1984 Act does not grant jury trial authority.

### C. Implied Authority

Since the language of the 1984 Act does not expressly grant jury trial authority, we look to the legislative history for evidence that Congress intended to grant that authority. *Blum v. Stenson*, 465 U.S. 886, 896, 104 S.Ct. 1541, 1547, 79 L.Ed.2d 891 (1984); *West v. Bergland*, 611 F.2d 710, 723 (8th Cir.1979), *cert. denied*, 449 U.S. 821, 101 S.Ct. 79, 66 L.Ed.2d 23 (1980). The bankruptcy judge concluded that a "comprehensive reading" of sections 151, 157 and 1411 of title 28 demonstrated Congress' implicit intent to grant jury trial authority. Some courts that have found implied authority for bankruptcy courts to conduct jury trials have relied on the limitations placed on the district court's authority to conduct jury trials. *See* 28 U.S.C. § 157(b)(5) (personal injury tort and wrongful death actions tried by jury in the district court). This limitation on the forum for these specific actions suggests to some courts that all other jury trials are to be held in the bankruptcy court. *See Perino*

---

**13.** This statute provides:

> (b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11 or arising in a case under title 11, referred [by the district court] and may enter appropriate orders and judgments, subject to review under section 158 of this title. * * *
> (5) *The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court* in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.
> (c)(1) A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.
> (2) Notwithstanding the provisions of paragraph (1) of this subsection, the district court, with the consent of all the parties to the proceeding, may refer a proceeding related to

a case under title 11 to a bankruptcy judge to hear and determine and to enter appropriate orders and judgments, subject to review under section 158 of this title.

28 U.S.C. § 157(b), (c) (emphasis added). Appeals from the orders and judgments of the bankruptcy judge are governed by 28 U.S.C. § 158.

**14.** This fact alone has caused many bankruptcy judges to find that they lacked the statutory authority to conduct jury trials. *See, e.g., Hughes–Bechtol, Inc. v. Air Enter. Inc. (In Re Hughes–Bechtol, Inc.)*, 107 B.R. 552, 571 (Bankr. S.D.Ohio 1989); *Howison v. Country Hills Assoc. (In Re W.G.M.C., Inc.)*, 96 B.R. 5, 7 (Bankr.D.Me. 1989); *Weeks v. Kramer, (In Re G. Weeks Sec., Inc.)*, 89 B.R. 697, 714 (Bankr.W.D.Tenn.1988).

**15.** We reject the trustee's argument that the "hear and determine" language of 28 U.S.C. § 157(b)(1) is an explicit grant of authority to conduct jury trials. We find persuasive the reasoning of the court in *In Re G. Weeks Sec., Inc.*, 89 B.R. at 714: "Congress could easily have expressed its intention that the bankruptcy courts were authorized to conduct [jury] trials. The absence of that positive expression and the presence of statutory language to the contrary * * * makes it clear that Congress did not authorize jury trials in the bankruptcy courts."

*v. Cohen (In Re Cohen)*, 107 B.R. 453, 455 (S.D.N.Y.1989) (statute contemplates that jury trials are to be held in bankruptcy court since only personal injury and wrongful death jury trials are in the district court); *Wolfe v. First Federal Savings & Loan Assoc. of Paragould (In Re Wolfe)*, 68 B.R. 80, 87–88 (Bankr.N.D.Tex.1986) (specific limitation in section 157 does not implicitly prohibit bankruptcy court from conducting jury trials); *Morse Elec. Co. v. Logicon, Inc. (In Re Morse Elec. Co.)*, 47 B.R. 234, 238 (Bankr.N.D.Ind.1985) (bankruptcy court not prohibited from conducting jury trial unless claim involves wrongful death or personal injury).

We reject this argument as contrary to Congress' intent. The legislative history of the 1984 Act, while not particularly illuminating on this issue, does not support this argument. The possibly relevant legislative history reveals only a debate over whether to vest bankruptcy judges with Article III status. *See* 130 Cong.Rec. H6240–48 (Mar. 21, 1984); 129 Cong.Rec. S9975 (Apr. 27, 1983). There is no discussion in the legislative record that suggests Congress intended to grant bankruptcy judges the authority to conduct jury trials.[16]

*Granfinanciera*, however, requires that a jury trial be provided in this case. We recognize that although the authority to conduct jury trials is not expressly provided, that authority may still be implied if it is incidental and necessary to make the legislation effective. 2A Sutherland Stat. Const. § 55.04 (1984); *see also Phelps Dodge Corp. v. National Labor Relations Bd.*, 313 U.S. 177, 61 S.Ct. 845, 85 L.Ed. 1271 (1941); *United States v. Sischo*, 262 U.S. 165, 43 S.Ct. 511, 67 L.Ed. 925 (1923). In *In Re Ben Cooper*, 896 F.2d 1394, the Second Circuit resolved the statutory authority issue with succinct analysis. It found that the adversary proceeding was a core proceeding for which *Granfinanciera* required a jury trial and that the authority of bankruptcy judges to conduct jury trials must be implied to reconcile the congressional intent evident in the power granted in the 1984 Act. The Second Circuit reasoned:

> Despite the lack of a specific statutory provision, we nevertheless hold that the bankruptcy courts may conduct jury trials in core proceedings. This is the position taken by the majority of courts which have considered the issue. * * * Our holding rests on two separate but related provisions. The first provision is 28 U.S.C. § 151 (1988) [bankruptcy judge may exercise authority conferred under chapter]. The second provision is § 157(b) which, as stated previously, gives bankruptcy judges the authority to conduct trials and issue final orders in core proceedings. *Granfinanciera* teaches that such proceedings, if legal in nature, are subject to the Seventh Amendment, but that opinion does not alter Congress' intent that they be heard by a bankruptcy court with authority to issue final orders. Construing the Bankruptcy Code to allow jury trials in the bankruptcy court is the only way to reconcile these various concerns.

---

**16.** The one statement in the legislative history that arguably supports jury trial authority is, at the same time, too vague and ambiguous to do so. In discussing the powers of bankruptcy judges, Representative Kindness stated: "The bankruptcy judge will conduct the trial, make a recommendation to the district court[.]" 130 Cong.Rec. H6242 (Mar. 21, 1984). This statement was made during the debate over Article III status for bankruptcy judges. Representative Kindness also pointed out that his amendment, to create non-Article III bankruptcy judges which was eventually adopted, was "essentially a legislative enactment of the emergency bankruptcy rule, the model rule that has been in effect, under which the bankruptcy courts have been operating. * * * [The amend- ment] add[s] the endorsement of the Congress to the emergency rule, the model rule under which the court has been operating[.]" *Id.* The Emergency Rules were adopted by the Judicial Conference in response to the *Marathon Pipeline Co.* decision, to provide operating rules for the bankruptcy courts until Congress enacted a new system. The Emergency Rules prohibited bankruptcy judges from conducting jury trials. *See* Emergency Rule (d)(1)(D), *reprinted in* 1 Collier on Bankruptcy, § 3.01(1)(b)(vi) (15th ed. 1989). Thus, if anything can be gleaned from this commentary, it is that Congress intended to continue the Emergency Rule's prohibition against bankruptcy judges conducting jury trials.

*In Re Ben Cooper,* 896 F.2d at 1402 (citations omitted).[17]

The Second Circuit's conclusion is premised upon the reasoning that since Congress could not deprive a private litigant of his Seventh Amendment right by designating an Article I forum to hear subject matter pertaining to private rights, Congress intended that the Article I forum have the authority to conduct jury trials. We find this to be a faulty syllogism. We think it more plausible that Congress simply intended to transfer all proceedings relating to the bankruptcy estate to the sole jurisdiction of the bankruptcy court [18] without regard to whether a party was entitled to a jury trial, or which forum would conduct the trial. In fact, it appears Congress did not even consider the need to provide jury trial authority. As the Supreme Court pointed out: "Thus, the 1984 Amendments' denial of the right to a jury trial in preference and fraudulent conveyance actions can hardly be said to represent Congress' considered judgment of the constitutionality of this change." *Granfinanciera,* 109 S.Ct. at 2800 n. 16. If Congress did not consider the constitutionality of denying jury trials, we doubt if it considered the need to provide for authority for the bankruptcy court to conduct a jury trial.

 It is not enough that the implied power is consistent with the legislation from which it is implied. "The power to be implied * * * must be practically indispensable and essential in order to execute the power actually conferred." 2A Sutherland Stat. Const. § 55.03. However, the power

to conduct jury trials is not indispensable to bankruptcy judges' ability to execute the authority conferred by the 1984 Act. Bankruptcy judges are vested with fairly broad power to "hear and determine" and "enter appropriate orders and judgments" in core proceedings, but we do not believe this broad grant of authority contemplates that the authority to conduct jury trials is an indispensable power necessary to carry out the authority actually conferred by this section. We note that Congress, at the time of the 1984 Act, was extremely wary of its authority to clothe Article I courts with Article III powers. *See* Statement of Sen. Hatch, H.R.Rep. No. 5174, 98th Cong., 2d Sess., *reprinted in* 1984 U.S.Code Cong. & Admin.News 590, 594. *Cf. Griffith v. Oles (In Re Hipp, Inc.),* 895 F.2d 1503, 1518 (5th Cir.1990) (since Congress intended to limit bankruptcy courts power and jurisdiction under the 1984 Act, court would not imply criminal contempt power where that power was not expressly granted).

 We hesitate to reach too far to imply the authority for an article I court to try jury cases involving private rights simply because Congress seeks to introduce a more efficient bankruptcy scheme, *see Granfinanciera,* 109 S.Ct. at 2801 n. 17, especially where congressional and historical support for that authority is lacking. We are likewise guided by the principle that we should "avoid an interpretation of a federal statute that engenders constitutional issues if a reasonable alternative poses no constitutional question." *Gomez v.*

---

**17.** We question the Second Circuit's implicit suggestion that the Supreme Court's *Granfinanciera* opinion contemplated jury trials in the bankruptcy court. *See In Re Ben Cooper,* 896 F.2d at 1400–01 (*Granfinanciera* court contemplated that its holding would result in jury trials in bankruptcy courts). The Supreme Court, despite Justice White's persuasive challenge, *see* 109 S.Ct. at 2810–11 (White, J., dissenting), did not even implicitly sanction the authority of the bankruptcy judge to conduct jury trials, leaving that issue open as unnecessary to its decision. *Id.* at 2794–95.

**18.** Justice White argues that Congress not only did just that but had a constitutional right to do so:

With the historical evidence thus in equipoise—and with the nature of the relief sought here not dispositive either, * * *—we should not hesitate to defer to Congress' exercise of its power under the express constitutional grant found in Art. I, § 8, cl. 4, authorizing Congress "[t]o establish ... uniform Laws on the subject of Bankruptcies." Congress has exercised that power, defining actions such as the one before us to be among the "core" of bankruptcy proceedings, triable in a bankruptcy court before a bankruptcy judge, *and without a jury.* I would defer to these decisions.

*Id.* at 2814 (White, J., dissenting) (emphasis added).

*United States,* —— U.S. ——, 109 S.Ct. 2237, 2241, 104 L.Ed.2d 923 (1989). Given the absence of supporting legislative history, and the serious constitutional problems posed by an alternative interpretation, our interpretation is not only reasonable, but necessary. *See, e.g., Matter of Hipp, Inc.,* 895 F.2d at 1509 (where constitutionality of bankruptcy courts exercising criminal contempt authority was questionable, court would construe 1984 Act as not conferring that authority).

We find no statutory authorization afforded bankruptcy judges or courts to conduct jury trials on legal proceedings. Consequently, we do not reach the constitutional issues.

CONCLUSION

The writ of mandamus requiring the district court to withdraw this action from the bankruptcy court pursuant to 28 U.S.C. § 157(d) is hereby granted. The judgment of the district court is vacated. The case is remanded for trial by the district court.