Hani Hashem, Gibson & Hashem, Monticello, Ark., for defendants.

### In re W.E. TUCKER OIL COMPANY, INC., Debtor.

### W.E. TUCKER OIL COMPANY, INC. and James F. Dowden, Successor Trustee to Claude S. Hawkins, Jr., Trustee in Bankruptcy, Plaintiffs,

### v.

### COMMERCIAL BANK & TRUST COMPANY, E.A. Tucker, James L. Sanderlin, and George E. Locke, Defendants.

### Civ. No. ED–90–05.

United States District Court,
W.D. Arkansas,
El Dorado Division.

Dec. 12, 1990.

## ORDER

OREN HARRIS, District Judge.

Before the court is plaintiffs' W.E. Tucker Oil Company, Inc., and James F. Dowden, request that this court reconsider its order entered September 11, 1990. In view of recent precedent by the United States Supreme Court, the court finds the motion is well taken and shall be granted.

Separate defendant Commercial Bank & Trust Company (Commercial Bank), requested a jury trial in its answer to plaintiffs' second amended complaint. The record reflects that Commercial Bank filed a proof of claim in this bankruptcy proceeding on August 3, 1987. In accordance with *Langenkamp v. Culp,* —— U.S. ——, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990), *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), *Katchen v. Landy,* 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966), and *In re United Missouri Bank of Kansas City, N.A.,* 901 F.2d 1449 (8th Cir.1990), Commercial Bank submitted itself to the equitable powers of the bankruptcy court by filing its

proof of claim, and waived its Seventh Amendment right to a jury trial.

In *Langenkamp, supra,* the creditors timely filed proofs of claim against the bankruptcy estates. Approximately one year after the bankruptcy filing, the trustee instituted adversary proceedings under 11 U.S.C. § 547(b). The trustee sought to recover payments the creditors had received as avoidable preferences. The bankruptcy court found that the money received by the creditors did in fact constitute avoidable preferences. The district court affirmed.

On appeal, the Tenth Circuit upheld the district court's judgment on three grounds, but reversed on the issue of the holders' entitlement to a jury trial on the trustee's preference claims. The Tenth Circuit's reasoning was similar to Commercial Bank's in this action: "that the trustee's actions to avoid the transfers ... were plenary rather than a part of the bankruptcy court's summary proceedings involving the 'process of allowance and disallowance of claims.'" *Langenkamp v. Hackler,* 897 F.2d 1041, 1046–47 (10th Cir.1990).

In reversing the Tenth Circuit, the Supreme Court stated "the creditor's claim and the ensuing preference action by the trustee become integral to the restructing of the debtor-creditor relationship through the bankruptcy court's equity jurisdiction ... As such, there is no Seventh Amendment right to a jury trial. If a party does not submit a claim against the bankruptcy estate, the trustee can recover alleged preferential transfers only by filing what amounts to a legal action to recover a monetary transfer. In those circumstances the preference defendant is entitled to a jury trial." *Langenkamp v. Culp,* 111 S.Ct. at 331 (1990); *citing Granfinanciera, S.A., supra.*

In accordance with the above precedents, "'a creditor's right to a jury trial on a bankruptcy trustee's preference claims depends upon whether the creditor has submitted a claim against the estate.'" *Langenkamp, Id.,* quoting *Granfinanciera, S.A.,* 109 S.Ct. at 2799. Commercial Bank's proof of claim filed August 3, 1987,

amounts to a waiver of a jury trial, therefore, its most recent demand for such is hereby denied.

IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED that defendant Commercial Bank's request for jury trial be denied. This action is hereby remanded to the bankruptcy court for further proceedings.

IT IS SO ORDERED.