Thomas M. Blumenthal, Eileen Markey, Clayton, Mo., for debtor.

A. Thomas DeWoskin, Teresa Generous, St. Louis, Mo., for First Nationwide.

Stuart J. Radloff, Clayton, Mo., for Creditors Committee.

Ross H. Briggs, Dubail Judge, St. Louis, Mo., for Charles Phelps.

### In re N.F. PROPERTIES LIMITED PARTNERSHIP, A Missouri Limited Partnership, Debtor.

**Bankruptcy No. 90–45290–172.**

United States Bankruptcy Court, E.D. Missouri, E.D.

April 1, 1991.

## ORDER

JAMES J. BARTA, Bankruptcy Judge.

This matter concerns the removal of a non-bankruptcy lawsuit to the Bankruptcy Court pursuant to an application filed by the Debtor under Bankruptcy Rule 9027. The non-debtor Respondent, Charles Phelps (a Defendant in the removed action) subsequently filed a request for a jury trial, and further requested to transfer this lawsuit to the District Court.

Only the facts pertinent to this consideration are set out here. The Debtor, N.F. Properties, Limited Partnership, initiated a lawsuit against certain parties in the St. Louis County Circuit Court on June 26, 1989. The Debtor is seeking a judgment based on a promissory note and certain guarantees of a lease.

The Debtor filed for relief under Chapter 11 of the Bankruptcy Code on October 26, 1990. An order for relief was entered.

The Debtor's application for removal was filed on December 14, 1990. The Debtor asserted that this case is proper for removal in that it is a lawsuit to recover an asset of the bankruptcy estate, and is thereby a "related" matter. The Bankruptcy Court has authority to exercise its jurisdiction over "related matters" pursuant to 28 U.S.C. §§ 157, 1334 and 1452.

Thereafter, on December 24, 1990, Charles Phelps made a demand for a jury trial. The Debtor responded by consenting to the request for a jury trial and further conceded that the jurisdiction for this lawsuit should lie in the District Court. The Debtor later amended its position by asserting that the respondent was not entitled to a jury trial in that the respondent consented to the equitable jurisdiction of the Bankruptcy Court by filing a proof of claim, citing *Granfianciera v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989) and *Langenkamp v. Culp*, — U.S. ——, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990).

■ A review of the record reveals that the proof of claim referred to in the Debtor's amended response was filed solely on behalf of Midwest Interstate Storage, Inc. who is not a party to the removed action. Thus, Charles Phelps has not submitted himself or consented to the equitable jurisdiction of the Bankruptcy Court.

Although the removed matter has been pending in the state court for more than eighteen months, and the issues are primarily state law issues, there has been no motion for remand as referred to in Bankruptcy Rule 9027.

This matter has been referred to the Bankruptcy Court pursuant to Rule 29(b) of the Rules of the United States District Court for the Eastern District of Missouri.

On March 19, 1991, the Debtor and the Defendant Charles Phelps consented to the demand for a jury trial and requested that the removed matter be transferred to the United States District Court for the Eastern District of Missouri. No other objection has been presented to the Defendant's request for a jury trial.

■ It appearing that the Defendant, Charles Phelps is otherwise entitled to a jury trial, the Bankruptcy Court must transfer the adversary proceeding to the District Court when the issues are fully joined and the matter is to be set upon a jury trial calendar. *See, In re United Missouri Bank of Kansas City, N.A.*, 901 F.2d 1449 (8th Cir.1990).

However, a review of the documents in the removed matter has indicated that not all pre-trial proceedings have been concluded. Therefore,

IT IS ORDERED that if not already done, the Debtor is to pay all fees required for removal of a matter; and

That upon payment of any required fees, the Clerk of this Court is to assign an adversary proceeding number to the removed matter of N.F. Properties Limited Partnership, et al. v. Charles Phelps, et al, Non–Bankruptcy Cause No. 596336; and

That the Debtor/Plaintiff is to file a written response to the Motion of Charles Phelps, Defendant, for judgment on the pleadings and for other relief, *not later than twenty days after the date of this Order;* and that thereafter the Motion will be determined upon the pleadings; and

That the parties are to *immediately* resume all pretrial procedures including discussions concerning the resolution of the disputed issues by agreement; and that when all pretrial matters are concluded, the unresolved issues will be transferred to the United States District Court for jury trial.

IT IS FURTHER ORDERED that this Adversary Proceeding is continued and reset to *June 5, 1991 at 2:00 p.m. in Bankruptcy Court No. 1, United States Court House, 1114 Market Street, 7th Floor, St. Louis, Missouri* for a continued pretrial hearing.