**Tom McGREGOR, Trustee, Plaintiff,**

v.

**ALABAMA EXCHANGE BANK, et al., Defendants.**

Civ. A. No. 92–A–1117–N.

United States District Court, M.D. Alabama, N.D.

Sept. 4, 1992.

---

**6.** See enumeration of such considerations, as set out in *Green, infra.*

Von G. Memory, Montgomery, Ala., for plaintiff.

Gary Wayne Farris, Birmingham, Ala., for defendants.

## ORDER

ALBRITTON, District Judge.

This cause is now before the court on the defendants' motion filed in this court on July 15, 1992, seeking withdrawal of reference of this adversary proceeding from the United States Bankruptcy Court for the Middle District of Alabama.

### I. FACTS

On November 27, 1990, an involuntary petition for relief under Chapter 7 of the United States Bankruptcy Code was filed against Warner Marable (the "debtor"). The United States Bankruptcy Court for the Middle District of Alabama entered an order for relief in the Debtor's bankruptcy case. Tom McGregor (the "Trustee") was

thereafter appointed as trustee of the Debtor's bankruptcy estate.

The Trustee filed an adversary proceeding against Alabama Exchange Bank (the "Bank") and Norton T. Montague, III ("Montague"). In this adversary proceeding the Trustee is seeking the return of certain pre-petition assets of the Debtor that were allegedly paid or otherwise transferred to the Bank or Montague. The Trustee alleges that the transfers to the Bank constitute preferential transfers under 11 U.S.C. § 547, and further, that they constitute fraudulent transfers under 11 U.S.C. § 548 and Alabama law.

The Bank and Montague (the "Defendants"), in their answer to the Trustee's complaint, made a demand for a jury trial. Neither Defendant has filed a formal claim against the Debtor's bankruptcy estate. Defendants then filed this motion for withdrawal of reference.

### II. ANALYSIS

The Debtor's bankruptcy case in general and the adversary proceeding against the Defendants were referred to the bankruptcy court for adjudication by virtue of this court's standing order of reference. This court, however, is authorized to withdraw, in whole or in part, any case or proceeding referred to the bankruptcy court, on its own motion or on a timely motion of any party, "for cause shown." 11 U.S.C. § 157(d).

Defendants contend that they are entitled to a jury trial on the Trustee's claims and that the bankruptcy court is not authorized to conduct jury trials. The Trustee concedes that the Defendants are entitled to a jury trial,[1] however, he contends that the bankruptcy court has the authority to conduct jury trials. Therefore, the question before this court is: Do bankruptcy courts have the authority to conduct jury trials?[2]

---

1. *See Granfinanciera S.A. v. Nordberg,* 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989) (fraudulent conveyance and preference claims are legal in nature, and therefore, the Seventh Amendment right to a jury trial inheres).

2. This opinion presupposes the fact that the parties have not consented to the bankruptcy court conducting the jury trial. It is not in question that the bankruptcy court may conduct

The Eleventh Circuit has never ruled as to whether bankruptcy courts have the authority to conduct jury trials. *But see In re Davis*, 899 F.2d 1136, 1140 n. 9 (11th Cir.1990) (finding that the Supreme Court has "strongly suggested" that fraudulent-conveyance and voidable-preference actions are private right claims which must be tried under the auspices of an Article III judge). Four other circuits, however, have ruled on the issue. The Sixth, Eighth and Tenth Circuits have all ruled that bankruptcy courts do not have authority to conduct jury trials. *In re Baker & Getty Fin. Serv., Inc.*, 954 F.2d 1169 (6th Cir.1992); *In re Kaiser Steel Corp.*, 911 F.2d 380 (10th Cir.1990); *In re United Missouri Bank of Kansas City, N.A.*, 901 F.2d 1449 (8th Cir. 1990). The Second Circuit has held that bankruptcy courts do have the power to conduct jury trials for core proceedings. *In re Ben Cooper, Inc.*, 896 F.2d 1394 (2nd Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 2041, 114 L.Ed.2d 126 (1991). For the following reasons this court follows the Sixth, Eighth and Tenth Circuits.

 There is no statutory language which supports jury trials in bankruptcy courts. Title 28 U.S.C. § 157, which authorizes bankruptcy courts to "hear and determine" all title 11 cases and "core" proceedings, makes no reference to the bankruptcy court's authority to conduct jury trials. *Baker & Getty*, 954 F.2d at 1173. Further, no present Bankruptcy Rule provides for jury trials. *Ben Cooper*, 896 F.2d at 1402–03.[3] And finally, as the Tenth Circuit stated:

> Congress had no specific intent to vest bankruptcy judges with the authority to conduct jury trials. Until *Granfinanciera*, it was possible for Congress to presume that jury trial rights would not extend to core proceedings. As such, no authority to conduct jury trials needed to be granted.

a jury trial if both parties consent. *See In re Davis*, 899 F.2d 1136, 1140 n. 9 (11th Cir.1990).

3. In the past, Federal Rule of Bankruptcy Procedure 9015 provided for jury trials. However, "[i]n light of the clear mandate of 28 U.S.C.

*Kaiser Steel*, 911 F.2d at 392. As " 'Congress did not consider the constitutionality of denying jury trials,' it is doubtful that 'it considered the need to provide for authority for the bankruptcy court to conduct a jury trial.' " *Baker & Getty*, 954 F.2d at 1173. Accordingly, since the relevant statutes do not reveal any congressional intent that bankruptcy courts may conduct jury trials, this court will not infer that they have the authority to do so. *United Mo. Bank*, 901 F.2d at 1454–57.

## CONCLUSION

The Defendants have a right to a jury trial and the bankruptcy court does not have the authority to conduct a jury trial. Accordingly, it is

ORDERED that the motion to withdraw the reference is due to be and it is hereby GRANTED.

§ 2075 that the 'rules shall not abridge or modify any substantive right,' Rule 9015" was abrogated. Committee Note to Abrogation of Bankr.R. 9015; *see also Baker*, 954 F.2d at 1173.