**In re ART & CO., INC., d/b/a Artyfacts, Debtor.**

**Paul J. GRELLA, Chapter 7 Trustee, Plaintiff,**

v.

**Peter ZIMMERMAN, et al., Defendants.**

**Bankruptcy No. 92–18825–JNG.**
**Civ. A. No. 94–10875–JLT.**
**Adv. Nos. 93–1884, 94–1646.**

United States District Court,
D. Massachusetts.

Aug. 22, 1995.

Stewart F. Grossman, Looney & Grossman, Boston, MA, for plaintiff Paul J. Grella.

Samuel Perkins, Morrison, Mahoney & Miller, Boston, MA, for defendants Peter Zimmerman, Silverman & Kudisch, P.C.

Rosalie Anjoorian, Waltham, MA, defendant/pro se.

## MEMORANDUM AND ORDER

TAURO, Chief Judge.

This case is before the court on plaintiff's 28 U.S.C. § 157(d) motion for withdrawal of the reference from Bankruptcy Court. In ruling on this motion, the court must consider the applicability of Federal Rule of Civil Procedure 38(d) to adversary proceedings filed in Bankruptcy Court.

### I. FACTS

Plaintiff Paul Grella is trustee for Art & Company, debtor-in-bankruptcy. On Art & Company's behalf, Grella filed two adversarial bankruptcy proceedings against several defendants, including the law firm of Zimmerman & Silverman.[1] Both complaints alleged negligence, breach of contract, fraud, conversion, and legal malpractice. The complaints did not contain a jury demand.

The defendants, after hearings on motions to dismiss,[2] filed an answer in the Bankruptcy Court. The answer contained a jury demand. Noting that a bankruptcy court cannot conduct a jury trial in a non-core proceeding,[3] the plaintiff moved for withdrawal

---

1. Filed a year apart, these adversary proceedings name many of the same defendants and are based on the same set of facts. The plaintiff has asked, without objection, that these proceedings be consolidated. The plaintiff's motion is allowed, and this opinion treats the two suits as one and the same.

2. The defendants argued that the claims set forth in the adversary proceeding were unrelated to

the case in bankruptcy, and therefore beyond the jurisdiction of the Bankruptcy Court. The Bankruptcy Judge (Feeney, Bkrtcy. J.), held that the suits, though non-core, were sufficiently related to the bankruptcy proceeding to confer jurisdiction upon the court.

3. There is a split in the circuits with regard to a bankruptcy court's authority to conduct jury trials in core proceedings. *Compare, In re United*

of the reference. On the very same day, the defendants moved to strike their jury demand, thereby eliminating the only stated reason for withdrawal.

The plaintiff trustee has objected to the defendants' motion to strike the jury demand, arguing that a jury demand by either party cannot be withdrawn without the consent of both.

## II. ANALYSIS

Jury demands in federal court are governed by Rule 38 of the Federal Rules of Civil Procedure. Rule 38(d) in particular states that "a demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties." FED. R.CIV.PRO. 38(d). In the district court, the defendants could not strike their jury demand without the plaintiff's consent. As a general matter, however, the Federal Rules of Civil Procedure do not apply in bankruptcy court.

Before 1987, the principles of Rule 38 applied in bankruptcy court by virtue of Bankruptcy Rule 9015. This rule essentially tracked Federal Rule 38, including the precise language of Rule 38(d). Then, in 1987, Rule 9015 was abrogated to reflect changes in the core jurisdiction of the bankruptcy court. The changes appeared to make Rule 9015 superfluous.

For two related reasons, the abrogation of Rule 9015 has produced a gap in the operation of the bankruptcy rules. First, courts immediately began to expand the core jurisdiction of the bankruptcy court. This expansion of bankruptcy court jurisdiction renewed the need for a Rule 38 equivalent.[4] Second, the abrogation of B.R. 9015 left no rule to govern the timing and manner of jury demands for adversary proceedings filed in

bankruptcy court, though triable only in the district court.

■ In the absence of an effective rule, several courts have "borrowed" from Federal Rule 38 to determine the timing of an effective jury demand. *In re Texas General Petroleum Corp.*, 52 F.3d 1330, 1338 (5th Cir. 1995) (applying Rule 38(b) to govern timeliness of jury demand in bankruptcy proceeding); *In re Kaiser Steel Corp.*, 911 F.2d 380, 388 (10th Cir.1990) (same); *In re Docktor Pet Centers, Inc.*, Case No. 91–18029–WCH, 1992 WL 189634 (Bankr.D.Mass. July 22, 1992) (same).

Upon examination of the purposes of Federal Rule 38(d), and the committee notes accompanying the abrogation of Bankruptcy Rule 9015, the court agrees with, and follows, the approach taken by these courts in their analysis of the applicability of Rule 38(b). The opposite conclusion would interfere with the basic principle, embodied in Rule 38, of "satisfying justifiable expectations while avoiding undue surprise." *Rosen v. Dick*, 639 F.2d 82, 88 (2d Cir.1980); *See also*, MOORE'S FEDERAL PRACTICE, Vol. 5, at ¶ 38.46 (Rule 38(d) designed to discourage "sharp practice"). The present dispute illustrates how the concern with strategic pleading of jury demands may be particularly relevant in bankruptcy court, where the existence of a jury demand can have important consequences on a motion to withdraw the reference.

## III. CONCLUSION

■ For the reasons stated in this Memorandum, the court concludes that a jury demand made in an adversary proceeding may not be withdrawn without the consent of all parties. The defendants' motion to strike is

*Missouri Bank of Kansas City*, 901 F.2d 1449 (8th Cir.1990), *with In re Ben Cooper, Inc.*, 896 F.2d 1394 (2d Cir.1990). No court, however, has allowed bankruptcy courts to conduct jury trials in non-core proceedings.

**4.** The Advisory Committee was aware of the possibility that judicial expansion of bankruptcy court jurisdiction could re-introduce the need for a bankruptcy court equivalent to Rule 9015. In

the notes that accompanied the abrogation of the rule, the Committee wrote that:

In the event the courts of appeals or the Supreme Court define a right to jury trial in any bankruptcy matters, a local rule in substantially the form of Rule 9015 can be adopted pending amendment of these rules. Title 11 U.S.C. Rule 9015 (Abrogated March 30, 1987).

DENIED, and the plaintiff's motion to withdraw the reference is ALLOWED.

AN ORDER SHALL ISSUE.