**UNITED STATES of America, Plaintiff,**

v.

**HIGGINBOTHAM, INC., et al.,
Defendants.**

**No. GC 88–159–B–O.**

United States District Court,
N.D. Mississippi,
Greenville Division.

July 10, 1989.

Jim M. Greenlee, Asst. U.S. Atty., Oxford, Miss., for plaintiff.

David C. Dunbar, Jackson, Miss., for defendant Higginbotham.

Roy Campbell, III, Greenville, Miss., for all other defendants.

### ORDER

J. DAVID ORLANSKY, United States Magistrate.

Presently before the court are the motions of plaintiff, the United States of America, to strike the defendants' jury demands. One motion addresses the jury demand of defendants Higginbotham, Inc. and James B. Higginbotham, while the other, which is identical in all important respects, addresses the like demand of defendants A. E. Wood, Belzoni Medical Corporation, and Belzoni Facilities Development Corporation. After careful consideration of the briefs of counsel and the authorities cited by them, the court concludes that defendants are entitled to a trial by jury and that the government's motions are therefore not well taken and should be denied.

The motions present what is apparently an issue of first impression, since no authority directly in point is cited by either plaintiff or defendants. That issue is whether or not the government's reliance upon the priority statute, 31 U.S.C. § 3713, deprives the defendants of the right to a trial by jury. The government also questions the timeliness of defendants' jury de-

mand, but that issue requires little discussion.

Rule 38(b), Federal Rules of Civil Procedure, provides that a party may demand a trial by jury on any issue triable of right by a jury by serving a demand therefor "... not later than ten days after the service of the last pleading directed to such issue." The last pleading directed to the issues on which jury trial is demanded were the answers of the Higginbotham defendants served on December 7, 1988. The Higginbotham defendants demanded trial by jury on December 15, 1988 and the other defendants on December 13, 1988—both well within the ten day period established by Rule 38(b). Accordingly, the jury demands were not untimely.

■ In determining whether or not there is a right to a jury trial in a civil action it is necessary to examine both the nature of the action and the remedy sought. *Tull v. United States*, 481 U.S. 412, 417, 107 S.Ct. 1831, 1835, 95 L.Ed.2d 365 (1987).

"First, we compare the statutory action to 18th century actions brought in the courts of England prior to the merger of the courts of law and equity.... Second, we examine the remedy sought and determine whether it is legal or equitable in nature." *Id.*, at 417–418, 107 S.Ct. at 1835 (citations omitted).

In applying that test, "... characterizing the relief sought is '[m]ore important' than finding a precisely analagous common-law cause of action...." *Id.*, at 421, 107 S.Ct. at 1837, citing *Curtis v. Loether*, 415 U.S. 189, 196, 94 S.Ct. 1005, 1009, 39 L.Ed.2d 260 (1974).

■ Defendants contend that this action by the government to collect Medicare overpayments is nothing more than an action to recover a debt which was triable by jury at common law. While not disagreeing that an action so characterized was subject to jury trial at common law, the government contends that this is not merely an action to collect a debt, since, by virtue of § 3713 it seeks to trace assets of the now dissolved corporate defendants into the hands of shareholders and thus seeks to impose a trust, thus making the

action inherently equitable in nature and not subject to jury trial. Clearly, the relief sought—a money judgment—is more consistent with an action at law than with an equitable remedy.

The court is of the opinion that, despite the government's efforts to impose liability on shareholders under the priority statute, this is essentially an action to collect a debt and that when this factor is coupled with the essentially legal nature of the relief sought, this case is one which is triable by jury.

The government relies upon a case somewhat similar on its facts to support its argument that the action is essentially equitable in nature because it invokes the "trust fund doctrine" in order to impose liability upon the shareholders. In *United States v. Thomas*, 515 F.Supp. 1351 (W.D. Tex.1981), the court held that the sole shareholder of a dissolved corporation could be held liable for Medicare overpayments, "... under the so-called trust fund doctrine," 515 F.Supp., at 1356, but also held that "... there are sufficient facts to warrant piercing of the corporate veil." *Id.*, at 1357. Thus, the liability of shareholders for Medicare overpayments to defunct corporations was not predicated solely on equitable grounds in *Thomas*. Indeed, *Thomas* was a summary judgment case, and the court therefore had no occasion to consider or discuss the issue of whether or not it was subject to trial by jury. It therefore did not address the issue of whether or not if the trust fund doctrine were the sole basis for imposing liability upon shareholders this would operate to extinguish the right to trial by jury.

This court is of the opinion that the government's reliance upon § 3713 does not affect defendants' right to a jury trial. Indeed, the provisions of the statute upon which the government relies appear to bolster that right. Under the provisions of § 3713(b) "[a] representative of a person or an estate (except a trustee acting under title 11) paying any part of a debt of the person or estate before paying a claim of the Government is liable to the extent of the payment for unpaid claims of the

Government." The plain language of the statute creates the relationship of debtor and creditor between such a representative (debtor) and the government (creditor) under the circumstances there described to the extent of any such payment made in disregard of the government's priority. It is thus not necessary to resort to any equitable trust theories in order to impose liability upon such a representative.

The government also argues that the defendants did not contest the administrative determination of the amount due the government and that this somehow converts the proceeding into one which is essentially equitable in nature. However, it is clear that whether the claim is liquidated or unliquidated does not affect the applicability of § 3713, *United States v. Moore,* 423 U.S. 77, 85–86, 96 S.Ct. 310, 315–16, 46 L.Ed.2d 219 (1975), or the right to a trial by jury. *Tull v. United States, supra,* at 427–428, 107 S.Ct. at 1840–41 (Scalia, J., dissenting).

In short, what this lawsuit is all about is whether or not a debt is owing to the United States, and, if so, by whom. Such actions were routinely triable by juries at common law. It is, therefore

ORDERED:

That plaintiff's motions to strike the defendants' jury demands be, and they are hereby, denied. This action shall remain on the court's jury calendar.