### In re TASTEE DONUTS, INC.

### Civ. A. No. 91–4102.

United States District Court, E.D. Louisiana.

Jan. 28, 1992.

Douglas Draper, Deborah Hayes, Friend, Wilson, Draper, Hubbard & Bowling, New Orleans, La., for plaintiff, Tastee Donuts, Inc.

Herman Hoffman, John Shreves, Simon, Peragine, Smith & Redfearn, New Orleans, La., for defendants, Pla–Do Corp. and Robert Saddler.

### ORDER AND REASONS

MENTZ, District Judge.

Before the Court is the Motion to Withdraw the Reference Under 11 U.S.C.

§ 157(d)[1] and Rule 5011 of the Federal Rules of Bankruptcy Procedure, filed by defendants Pla–Do Corporation ("Pla–Do") and Robert Saddler. The defendants ask the court to withdraw the reference of Adversary Proceeding No. 90–1053 from the United States Bankruptcy Court for the Eastern District of Louisiana. After reviewing the motion, memoranda of counsel, the record, and the law, the Court grants the motion.

### Background

Tastee Donuts, Inc. ("Tastee"), the plaintiff/debtor in this case, filed an adversary proceeding against defendant Pla–Do to collect funds due under a franchise agreement. Tastee alleges that the defendant failed to pay royalties due under the franchise agreement, and failed to pay advertising fund contributions also due under the agreement. On October 10, 1991, the plaintiff/debtor filed an Amended and Supplemental Complaint adding Robert Saddler as a defendant. In response to the adversary proceeding, Pla–Do and Saddler allege defenses of, among other things, lack of consent, misrepresentation by the debtor, and breach of contract. On October 24, 1991, defendants Pla–Do and Saddler filed a request for jury trial. Based upon this request for a jury trial, the defendants ask this court to withdraw the reference of the adversary proceeding from the bankruptcy court, and seek a jury trial in the United States District Court sitting in its original bankruptcy jurisdiction. 28 U.S.C. § 1334.

### Analysis

■ The district court may withdraw a proceeding referred to the bankruptcy court "on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). In addition, withdrawal of a proceeding is mandatory if "on timely motion of a party, ... the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." *Id.* This is not a case in which withdrawal is mandatory.[2] Therefore, the Court must determine whether the defendants' jury demand is "cause" for withdrawal of this proceeding.

At issue in this case is whether the bankruptcy court is empowered to conduct jury trials in either 'core' or 'non-core' bankruptcy proceedings.[3] If the bankruptcy court

---

**1.** Although Defendants' motion is entitled "Motion to Withdraw the Reference Under 11 U.S.C. § 157(d) ...," the district court's authority to withdraw the reference from bankruptcy court derives from *28 U.S.C. § 157(d).*

**2.** Mandatory withdrawal is only appropriate when the proceeding requires "significant interpretation, as opposed to simple application, of *federal* laws apart from the bankruptcy statutes." *City of New York v. Exxon Corp.,* 932 F.2d 1020, 1026 (2d Cir.1991) (emphasis added). This is essentially a state law breach of contract claim, and does not implicate considerations or interpretations of federal law.

**3.** Core proceedings include:
(A) matters concerning the administration of the estate;
(B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;

(C) counterclaims by the estate against persons filing claims against the estate;
(D) orders in respect to obtaining credit;
(E) orders to turn over property of the estate;
(F) proceedings to determine, avoid, or recover preferences;
(G) motions to terminate, annul, or modify the automatic stay;
(H) proceedings to determine, avoid, or recover fraudulent conveyances;
(I) determination as to the dischargeability of particular debts;
(J) objections to discharges;
(K) determinations of the validity, extent, and priority of liens;
(L) confirmation of plans;
(M) orders approving the use of or lease of property, including the use of cash collateral;
(N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate; and
(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims.
28 U.S.C. § 157(b)(2).

is empowered to conduct a jury trial in these proceedings, then cause does not exist to withdraw the reference. For the reasons that follow, the Court finds that the bankruptcy court may not conduct a jury trial in these proceedings, and withdrawal of the reference is warranted.

■ This breach of contract claim is a claim for which the parties certainly would have a Seventh Amendment right to a jury trial if this were not related to a bankruptcy proceeding.[4] Breach of contract damage claims are legal actions entitled to trial by jury. *See Seaboard Lumber Co. v. U.S.*, 903 F.2d 1560, 1563 (Fed.Cir.1990); *U.S. v. Higginbotham, Inc.*, 722 F.Supp. 283, 284–85 (N.D.Miss.1989).

In *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), the Court held that a person who has not submitted a claim against a bankruptcy estate has a right to a jury trial when sued by the bankruptcy trustee to recover an allegedly fraudulent transfer. Similarly, the Fifth Circuit has recently held that a bankrupt debtor maintains his right to jury trial for pre-petition claims against third parties. *In re Jensen*, 946 F.2d 369 (5th Cir.1991). The court in *Jensen* noted:

> As in *Granfinanciera*, the debtors' claims do not 'arise as part of the process of allowance and disallowance of claims.' 492 U.S. at 58, 109 S.Ct. at 2799. Nor are they 'integral to the restructuring of debtor-creditor relations.' *Id.* Rather they are essentially claims brought by the debtor (in possession) against non-creditor third parties to augment the bankruptcy estate. Under these circumstances, we are unable to conclude that the debtor's petition for bankruptcy subjected his claims to the equitable jurisdiction of the bankruptcy court.

946 F.2d at 374. The defendants in this matter have taken no action which could be construed as subjecting their claims to the equitable jurisdiction of the bankruptcy court. Accordingly, the defendants have a right to trial by jury in this adversary proceeding.

■ The Court in *Granfinanciera* expressly did not decide whether the bankruptcy courts are empowered to conduct jury trials. 492 U.S. at 50, 109 S.Ct. at 2794–95. Several courts have held that bankruptcy courts may not conduct jury trials in *non-core* proceedings. *In re Cinematronics, Inc.*, 916 F.2d 1444, 1451 (9th Cir.1990); *Beard v. Braunstein*, 914 F.2d 434 (3d Cir.1990); *In re National Enterprises, Inc.*, 128 Bankr. 956 (E.D.Va.1991); *In re JRT, Inc.*, 1991 WL 202361 1991 U.S.Dist.LEXIS 7888 (W.D.Mich.1991); *see also In re Ben Cooper, Inc.*, 896 F.2d 1394, 1403 (2d Cir.1990) ("the Seventh Amendment may well render unconstitutional jury trials in non-consensual non-core proceedings"). A bankruptcy judge may "hear and determine" and "may enter appropriate orders and judgments" with respect to core proceedings. 28 U.S.C. § 157(b)(1). With respect to non-core proceedings, however, the bankruptcy court's power is limited:

> ... the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

28 U.S.C. § 157(c)(1). The Court agrees that to allow jury trials on non-core matters in bankruptcy court, and then have the jury determinations subject to de novo review by the district court, would run afoul of the Seventh Amendment's provision that "no fact tried by a jury shall be otherwise reexamined in any court of the United States, than according to the rules of common law." U.S. Const. amend VII.

The defendants allege that this adversary proceeding involves only non-core matters. The plaintiff, on the other hand, contends that this proceeding involves both

---

**4.** The Seventh Amendment provides, in pertinent part: "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. Const. amend. VII.

core and non-core matters. The plaintiff argues that to the extent that Tastee seeks to recover unpaid royalty fees due the estate, this is a core matter; and to the extent that Tastee seeks to recover unpaid advertising contributions from the defendants, this is a non-core matter. The Court agrees that this proceeding involves, at least with respect to the advertising fee claims, non-core matters.

 Because this adversary proceeding involves at least some non-core matters, the Court finds that cause exists to withdraw the reference from the bankruptcy court. This Court does not decide the issue of whether the bankruptcy court is empowered to conduct jury trials on core matters.[5] Even if this adversary proceeding involves core matters as well, the Court finds that the interests of judicial efficiency require that the reference be withdrawn for the entire adversary proceeding. *See Holland America Ins. Co. v. Succession of Roy,* 777 F.2d 992, 999 (5th Cir.1985) ("considerations of judicial economy also bear on the decision to withdraw the reference").

The Court is not persuaded by the plaintiff's argument that the motion to withdraw the reference is untimely. The plaintiff did not add defendant, Saddler, as a party to this proceeding until October 10, 1991; on October 24, 1991, defendants Pla–Do and Saddler filed a request for jury trial. "Where there are multiple parties, the last pleading of any party on a common issue will determine the time for a jury demand." *In re Kaiser Steel Corp.,* 911 F.2d 380, 388 (10th Cir.1990) (*citing* 9 C. Wright & A. Miller, *Federal Practice & Procedure* § 2320, at 91–93 (1971)). Saddler's jury demand, filed along with his initial answer in this proceeding is certainly timely. Although Saddler assisted Pla–Do with the defense of this matter prior to being added as a party, Saddler cannot be deemed to have waived his right to jury trial prior to his becoming a party to these proceedings.

Faced with a timely jury demand in a proceeding involving non-core matters, the Court is compelled to withdraw the reference of this proceeding.

Accordingly,

IT IS ORDERED that

The Motion to Withdraw the Reference Under 11 U.S.C. § 157(d) and Rule 5011 of the Federal Rules of Bankruptcy Procedure, filed by defendants Pla–Do Corporation and Robert Saddler is GRANTED.

---

5. The circuits which have addressed this issue are split. *See In re Ben Cooper, Inc.,* 896 F.2d 1394, 1403 (2d Cir.1990) (bankruptcy courts may conduct jury trials in core matters); *cf. In re United Missouri Bank of Kansas City, N.A.,* 901 F.2d 1449 (8th Cir.1990); *In re Kaiser Steel Corp.,* 911 F.2d 380 (10th Cir.1990) (bankruptcy courts may not conduct jury trials in core matters). The Fifth Circuit has not yet ruled on this issue.