**In re EL PASO REFINERY, L.P., Debtor.**

**R.H. SMITH, Examiner, Appellant,**

**v.**

**LYNCO–ELECTRIC CO., INC., Appellee.**

**Civ. No. A–93–CA–569 JN.**

United States District Court, W.D. Texas, Austin Division.

March 7, 1994.

Adrian M. Overstreet, Overstreet, Winn & Edwards, P.C., Austin, TX, for appellant.

Charles W. Cresswell, Martin, Cresswell, Hubert & Hernandez, Las Cruces, NM, for appellee.

### *ORDER*

NOWLIN, District Judge.

Before the Court is an appeal from a final order of the Bankruptcy Court that granted judgment in favor of Lynco–Electric Co., Inc. and against the appellant, R.H. Smith, Examiner. This Court has reviewed and considered the briefs and replies of the parties. Upon review of the Bankruptcy Court's Order, the entire record on appeal and the applicable law, this Court is of the opinion that the decision of the Bankruptcy Judge should be REVERSED.

## I. BACKGROUND

The Debtor, El Paso Refinery, L.P. filed a voluntary petition for Relief under Chapter 11 of the Bankruptcy Code on October 23, 1992. On December 3, 1992, the court appointed Richard H. Smith as Examiner. Among the powers granted to the Examiner is the right to pursue preference actions. On May 13, 1993, the Examiner filed a Complaint against the Defendant, Lynco–Electric, seeking to recover $80,043.78 in preferential transfers received by the Defendant. On June 3, 1993, Lynco filed its Answer as well as its jury demand. On August 3, 1993, a hearing was held by the Bankruptcy Court, in which the court ruled that it could not conduct a jury trial. In its written order, the Bankruptcy Court stated:

> There is no statutory authority, either in the Bankruptcy Code or elsewhere, which grants this Article I Court any right to hold a jury trial on the issue in question. Further, this Court, being an Article I Court, cannot hold such a jury trial and at the same time provide the Defendant with the full measure of protection granted to him under the 7th Amendment of the United States Constitution.

*R.H. Smith, Examiner v. Lynco–Electric Company, Inc. (In re El Paso Refinery, L.P.)* at 1, Adversary No. 93–1155 FM (Bankr.W.D.Tex. August 5, 1993) (order upon Defendant's jury demand).

The action was subsequently dismissed by the Bankruptcy Court and the Examiner's appeal to this Court followed.

## II. ANALYSIS

### A. Introduction

■ There are no disputed issues of fact in this case, therefore, the Court reviews the bankruptcy Court's legal conclusions on a *de novo* basis. *In re Texas Research, Inc.*, 862 F.2d 1161 (5th Cir.1989).

■ The issue before the Court is whether the Bankruptcy Court has statutory and con-stitutional authority to conduct trials in core proceedings. It is undisputed that Lynco is entitled to a jury trial in this case—the question is where. The instant action involves a suit to recover preferential transfers under 11 U.S.C. § 547. The Supreme Court has unambiguously stated that a jury trial is available in an action to recover preferential transfers. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 50, 109 S.Ct. 2782, 2794–95, 106 L.Ed.2d 26 (1989). However, the majority in *Granfinanciera* specifically declined to decide where that jury trial should be held, or whether, if Congress had authorized such trial to take place in a bankruptcy court, such permission passed constitutional muster. *Granfinanciera*, 492 U.S. at 50, 109 S.Ct. at 2794–95; *see also In re Ben Cooper*, 896 F.2d 1394 (2nd Cir.1990), *cert. granted*, 497 U.S. 1023, 110 S.Ct. 3269, 111 L.Ed.2d 779, *cert. vacated and remanded*, 498 U.S. 964, 111 S.Ct. 425, 112 L.Ed.2d 408, *previous op. reinstated*, 924 F.2d 36 (2nd Cir.) *cert. denied*, 500 U.S. 928, 111 S.Ct. 2041, 114 L.Ed.2d 126 (1991) (Supreme Court again declined to determine whether bankruptcy courts could conduct jury trials).

The question of whether a bankruptcy court may conduct a jury trial has not been addressed in the Fifth Circuit.[1] Other circuits have addressed the question, and are split three to one on the issue. The first appellate court to address the question was the Second Circuit, which held that there was no constitutional or statutory bar to bankruptcy courts conducting jury trials. *In re Ben Cooper*, 896 F.2d 1394 (2nd Cir.1990). The Eighth, Tenth, Sixth, and Seventh Circuits subsequently held that bankruptcy courts could not conduct jury trials, due either to the lack of statutory authorization in the Bankruptcy Code, or Constitutional concerns. *See In re United Missouri Bank, N.A.*, 901 F.2d 1449, 1451 (8th Cir.1990) (holding there is no statutory authority in Bankruptcy Code permitting jury trials in bankruptcy court; court recognized but declined to reach Constitutional issues); *In re*

---

1. In *In re Jensen*, 946 F.2d 369 (5th Cir.1991), the Fifth Circuit granted mandamus relief in a case where the bankruptcy court refused to grant a debtor a jury trial, stating: "The District Court erred by refusing to grant the request that the Bankruptcy Court be ordered to grant a jury trial." Although this specific issue was not addressed by the Court, *Jensen* would appear to lend support to the argument the Bankruptcy Courts can and should conduct jury trials.

*Kaiser Steel Corp.*, 911 F.2d 380, 392 (10th Cir.1990) (finding jury trials not statutorily authorized in bankruptcy court, and violative of the Constitution); *In re Baker & Getty Financial Services Inc.*, 954 F.2d 1169, 1173 (6th Cir.1992) (concluding that Bankruptcy Code did not authorize bankruptcy courts to conduct jury trials); *In re Grabill*, 967 F.2d 1152, 1161, *reh'g en banc denied*, 976 F.2d 1126 (7th Cir.1992) (with Judges Cudahy, Posner and Easterbrook dissenting) (deciding that Bankruptcy Code did not authorize bankruptcy judge to conduct a jury trial).[2] Given such divergence it is obvious that there is substantial grounds for difference of opinion on this question of law. Such divergence "is not surprising given the ambiguous statute and legislative history." *In re Grabill*, 967 F.2d at 1153.

The circuit courts addressing the question of whether jury trials may be conducted in bankruptcy courts generally focus upon two major issues. The first is whether statutory authority exists for bankruptcy courts to conduct jury trials. The second is whether the Constitution permits jury trials in bankruptcy courts.

## B. *Statutory Authority*

### 1. *Statutory Construction*

All the circuits that have considered the question have uniformly agreed that no statutory provision either expressly authorizes or prohibits jury trials in bankruptcy courts. *See In re Ben Cooper*, 896 F.2d at 1402 (concluding that the relevant statutory provision offers almost no guidance but holding that bankruptcy courts may conduct jury trials); *In re United Missouri Bank*, 901 F.2d at 1453 ("There is no specific grant of authority allowing or prohibiting bankruptcy judges from conducting jury trials...."); *In re Kaiser Steel*, 911 F.2d at 391 ("We are also persuaded by the absence of any express provision authorizing jury trial before bankruptcy judges."); *In re Baker & Getty Financial Services Inc.*, 954 F.2d at 1173 ("(N)o statutory language supports jury trials in bankruptcy courts."); *In re Grabill*,

967 F.2d at 1153 ("There is no express statutory authority in the (1984 Act) granting bankruptcy courts the power to conduct jury trials."). Having also examined the Bankruptcy Code, this Court agrees that the answer to this question cannot be resolved by the express language of the statute.

There is only one provision in the Bankruptcy Code, as amended by the Bankruptcy Amendments and Federal Judgeship Act of 1984 (BAFJA), that deals directly with jury trials. In 28 U.S.C. § 1411 Congress has expressly preserved the right to a jury trial for personal injury and wrongful death actions. Section 157(b)(5) of the Bankruptcy Code requires that such actions be tried in the district court. These sections have been construed to support opposite conclusions. Those determining that bankruptcy courts may not conduct jury trials reason that the express preservation of the right to a jury trial in district court for a specific class of cases suggests that Congress intended no such right in all other bankruptcy matters, and that the bankruptcy court lacks authority to conduct jury trials. Under the competing view, those favoring jury trials in bankruptcy courts contend that, because the statute specifies that only personal injury and wrongful death jury trials must be held in nonbankruptcy courts, these provisions do not preclude but rather support jury trials in bankruptcy court. *See In re Grabill*, 967 F.2d at 1153 and commentary cited therein.

28 U.S.C. § 157(b)(1), which grants bankruptcy judges the authority to "hear and determine" all core proceedings, is similarly susceptible to differing interpretations. On the one hand it may be construed as meaning bankruptcy judges *personally* may hear and determine all core proceedings, thereby excluding juries. Alternately, § 157(b)(1) may be interpreted to provide that bankruptcy judges are given a broad grant of authority over all core proceedings, with no distinction between bench and jury trials. *See In re Grabill*, 967 F.2d at 1154. In sum, because of such ambiguities, examination of statutory text does lead to any conclusive answer to

---

**2.** It appears that in a recent opinion, the Fourth Circuit has joined the majority of circuits in holding that bankruptcy courts may not hold jury

trials. *See In re Stansbury Poplar Place, Inc.*, 13 F.3d 122 (4th Cir.1993).

the question of whether bankruptcy courts may conduct jury trials.

While the statute does not contain any express authorization, logic and practicality certainly seem to give rise to the inference that jury trials in core proceedings may occur in bankruptcy courts. Congress has clearly provided that "(b)ankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11." 28 U.S.C. § 157(b)(1). In a similarly clear fashion, the Supreme Court has found that, under the Seventh Amendment, there is a right to a jury trial in preference recovery actions. *See Granfinanciera,* 492 U.S. 33, 109 S.Ct. 2782. Therefore it is reasonable to conclude that, where the statutory text clearly commits all core proceedings to bankruptcy judges, and the Supreme Court has determined that the Constitution requires a jury trial in certain core proceedings, that bankruptcy courts may conduct jury trials in those proceedings. There is certainly no compelling authority suggesting that jurisdiction should be wrested from the bankruptcy court in those types of proceedings.[3] Moreover, the mere fact that the Bankruptcy Code fails to specifically provide for jury trials which are required by the Constitution does not render bankruptcy courts incapable of conducting jury trials. The Code does not mention testimony, cross-examination, brief, oral argument, summary judgment, or any other ingredient of modern adjudication, yet no one would disagree that bankruptcy judges may take evidence, hear arguments or allow cross-examination. *In re Grabill,* 976 F.2d at 1128 (Easterbrook, J., dissenting from denial of rehearing *en banc* ).

### 2. *Legislative History*

The legislative history similarly does not yield any definitive answers regarding whether Congress intended to authorize a bankruptcy court to conduct jury trials. Under the Bankruptcy Reform Act of 1978, Pub.L. 95–598, 92 Stat. 2549, bankruptcy courts were given an extremely broad grant of jurisdiction, and jury trial rights as they existed prior to the 1978 act were preserved. 28 U.S.C. §§ 1471, 1480. Subsequently, the Supreme Court held that this extremely broad grant of jurisdiction to an Article I court, which included the power to hold jury trials, was unconstitutional. *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). The Emergency Rules promulgated in response to the *Northern Pipeline* decision prohibited bankruptcy judges from conducting jury trials. *See* Emergency Rule (d)(1)(D), *reprinted in Collier on Bankruptcy,* 3.01(1)(b)(vi) at 3–15 (1992). The Bankruptcy Amendments and Federal Judgeship Act in turn did not incorporate the explicit prohibition on jury trials contained in the Emergency Rules. Thus, like the Code itself, the legislative history similarly gives rise to conflicting conclusions. On the one hand, since the 1984 Act essentially endorsed the Emergency Rules, it might be concluded that Congress intended to continue the Emergency Rule's prohibition against bankruptcy judges conducting jury trials. *See In re United Missouri Bank,* 901 F.2d at 1455 n. 16. The opposing view holds that although the Emergency Rules apparently served as the model for the 1984 amendments, the fact that Congress chose not to specifically enact their prohibition against jury trials in bankruptcy courts suggests that Congress did not intend to restrict bankruptcy judges' authority in this manner. *See, e.g.,* S. Elizabeth Gibson, *Jury Trials and Court Proceedings: The Bankruptcy Judge's Uncertain Authority,* 65 Am.Bank.L.J. 143 (Winter 1991). Accordingly, this Court is certainly in agreement with the Seventh Circuit's majority to the extent it found that "any attempt to glean implied congressional authorization from the scant legislative history amounts to an 'illusory search.'" *In re Grabill,* 967 F.2d at 1154 (citations omitted). However, the search for an implied congressional prohibition on bankruptcy court jury trials is similarly illusory.

### C. *Constitutional Concerns*

■ The constitutional debate over allowing bankruptcy judges to conduct jury trials focuses on the Article III and the Seventh

---

**3.** Assuming of course that there are no Constitutional barriers—see *infra.*

Amendment.[4] Some courts have concluded that allowing an Article I bankruptcy judge to conduct a jury trial violates Article III, which grants "the judicial power of the United States" to Article III courts only. *See, e.g., Ellenberg v. Bouldin,* 125 B.R. 851, 856 (N.D.Ga.1991). Article III concerns certainly may not be dismissed lightly, particularly in light of the Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). In *Northern Pipeline,* the Court invalidated the 1978 Bankruptcy Act on the grounds that it impermissibly empowered bankruptcy courts to exercise judicial powers which are vested solely in Article III courts. However, the 1978 Act was not invalidated exclusively or primarily because bankruptcy courts were conducting jury trials. Rather the Court's primary concern was that non-Article III judges were exercising the full range of article III powers. *See Northern Pipeline,* 458 U.S. at 84, 102 S.Ct. at 2878 (Brennan, J., plurality opinion). *See also* 458 U.S. at 89–92, 102 S.Ct. at 2882–82 (Rehnquist, J., concurring); 458 U.S. at 92, 102 S.Ct. at 2882 (Burger, C.J., dissenting). In other words, the Court did not hold that allowing bankruptcy courts to conduct jury trials in and of itself was unconstitutional, but rather that all of the powers exercised by the bankruptcy court, taken together, constituted an impermissible delegation of judicial power. This then leads to a narrow reading of the *Northern Pipeline* decision, which does not preclude bankruptcy courts from conducting jury trials. Such a narrow reading is supported by the fact that Article I courts have historically been able to conduct jury trials.

United States Magistrates, for example, may with consent of the parties and authorization of the district court "conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case...." 28 U.S.C. § 636(c)(1) (1988).[5] Similarly, jury trials are conducted every day by judges in the District of Columbia, the federal territories and the military, all of whom are non-Article III judges. *See In re Grabill,* 976 F.2d 1126, 1129 (7th Cir.1992) (Easterbrook, J., dissenting from denial of rehearing *en banc* ). In short, it cannot be said that either Supreme Court precedent or Article III of the Constitution precludes bankruptcy courts from conducting jury trials.

■ The second constitutional objection raised in regard to jury trials in bankruptcy courts is the reexamination clause of the Seventh Amendment, which requires that "no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to common law." U.S. Const. amend. VII. No reviewing court therefore may "redetermine facts found by the jury." *Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.,* 369 U.S. 355, 359, 82 S.Ct. 780, 783, 7 L.Ed.2d 798 (1962). Thus, the Seventh Amendment may well render unconstitutional jury trials in non-consensual non-core proceedings, because of the requirement that findings of fact by the bankruptcy court be reviewed *de novo* by the district court under 28 U.S.C. § 157(c)(1). *See In re Ben Cooper, Inc.,* 896 F.2d at 1403. The Seventh Amendment does not present such problems in core proceedings, because, under 28 U.S.C. § 157(b)(1), the scope of the district court's review of bankruptcy court deci-

---

**4.** Some courts, finding no statutory authority for bankruptcy courts to conduct jury trials, never reach the constitutional questions. *See e.g. United Missouri Bank,* 901 F.2d at 1449; *Kaiser Steel Corp.,* 911 F.2d at 380. *See also In re Grabill.*

**5.** The Court does not overlook the requirement of consent and acknowledges that such a requirement is not without certain significance. However, first of all, the magistrates' statute does not require consent to a *jury trial* before a magistrate judge, but to *any* trial. Indeed, a magistrate's entire trial jurisdiction is consensual. *See In re Grabill,* 967 F.2d at 1160 (Posner, J., dissenting). Second, as noted by Judge Posner in *In re Grabill,* though consent is required, consent may

only be given to trial before a constitutionally adequate judge:

> Of course a requirement that the parties consent, which we find in the Magistrates Act, makes a difference. But I do not suppose that Congress would allow Federal Cases to be tried before panels of astrologers, necromancers, clairvoyants, or judges of cat shows or (other) beauty contests provided that only litigants consented. Congress must have thought that Magistrate Judges were competent to conduct jury trials and if they are, so must Bankruptcy Judges be.

*Id.*

sions is analogous to the review which courts of appeal have over district courts. *Id.* Thus, since the jury verdict in a core proceeding is subject only to the traditional standards of appellate review, such a proceeding does not run afoul of the Seventh Amendment.

### D. *Conclusion*

Because there is no definitive answer in the statutory text or legislative history, nor in Fifth Circuit precedent, and because the Constitution does not bar jury trials in bankruptcy court, this Court is of the opinion that practical considerations should guide the outcome of this case. Clearly, the interests of practicality and judicial economy militate in favor of bankruptcy courts conducting jury trials in core proceedings.

To prohibit jury trials in bankruptcy courts would undoubtedly frustrate the goal of an efficient and workable bankruptcy system in at least two ways: (1) by dividing bankruptcy proceedings between bankruptcy and district courts and (2) by fostering improper jury demands. Removing jury trials in core proceedings to the district court results in bankruptcy cases being taken from a judge with particularized training and experience in bankruptcy law and delivering it to a judge who frequently is without more than rudimentary knowledge of bankruptcy law.[6] Once moved, the bankruptcy case then compounds the backlog of this and other district court dockets. Finally, upon completion of the jury trial in the district court, it may well be necessary for the case to return to the bankruptcy court for further proceedings. In short, the severing of jury trials from other bankruptcy court matters squanders the time and resources of the litigants, bankruptcy courts, and district courts, and is an unwarranted inefficiency in the bankruptcy scheme. *See In re Grabill,* 967 F.2d at 1159 (Posner, J., dissenting).

To require jury trials to be conducted in district court would inevitably lead to forum shopping. More specifically, to deny bankruptcy judges the power to conduct jury trials effectively gives litigants peremptory challenges to the judges. As realistically pointed out by Judge Posner in his dissenting opinion in *In re Grabill,* any creditor who does not like the way a bankruptcy judge is proceeding may ask for a jury trial and, in response to his request, get not only a jury but a date in federal district court. *See In re Grabill,* 967 F.2d at 1159.[7] Allowing bankruptcy judges to conduct jury trials eliminates the possibility of such improprieties.

In summary, this Court is persuaded by the wisdom of the Second Circuit and the dissenting judges of the Seventh Circuit and their conclusions that there is no statutory or constitutional bar to bankruptcy courts conducting jury trials in core proceedings. The relevant statutory provisions are ambiguous at best, as is the statutory history, and certainly neither yield anything resembling a definitive answer on this issue. This Court therefore is of the opinion that the outcome should be resolved consistent with sensible judicial administration. Accordingly, this Court finds that jury trials may properly be held in bankruptcy court.

THEREFORE, IT IS ORDERED that the Bankruptcy Court's Order stating that it lacked authority to conduct a jury trial is REVERSED.

IT IS FURTHER ORDERED that this case is hereby REMANDED to the Bankruptcy Court for a jury trial to be conducted by the Bankruptcy Judge on the Plaintiff/Appellant's preferential transfer action.

---

6. Congress created the bankruptcy courts for the very reasons that bankruptcy courts are more familiar with the law and equities involved in core proceedings, such as the instant preference action, and that they provide an expert, efficient forum in which to concentrate the administra-tion of the bankruptcy estate. *See In re Interbank Mortgage Corp.,* 128 B.R. 269 (N.D.Cal.1991).

7. Unless of course the district judge returns the dispute to the bankruptcy judge to consider a motion for summary judgment.