**In re HEELCO CORPORATION, d/b/a U.S. HEEL, Debtor.**

**Andrew B. KRAFSUR, Trustee, Plaintiff,**

**v.**

**Raymond CLAY, The Virginia Sutler Corp., Scott Clay d/b/a The Emporium, and The Bank of America, Defendants.**

Bankruptcy No. 93–30615–C.
Adv. No. 93–3071–C.

United States Bankruptcy Court,
W.D. Texas,
El Paso Division.

April 28, 1994.

---

Nelson P. Smith, Leslie & Smith, El Paso, TX, for debtor.

Harrel L. Davis III, Mounce & Galatzan, El Paso, TX, for defendants.

H. Christopher Mott, Mr. Carlos A. Miranda, Krafsur, Gordon, Mott, Sanders & Miranda, El Paso, TX, for trustee, plaintiff.

## DECISION AND ORDER REGARDING JURY DEMAND

LEIF M. CLARK, Bankruptcy Judge.

CAME ON for consideration the foregoing matter. The court agrees with defen-

dants that the fraudulent conveyance, preference, and post-petition transfer actions asserted by the trustee are essentially core in nature, and that the defendants, under *Granfinanciera, N.A. v. Nordberg,* 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), are entitled to a jury trial on that cause of action.[1]

 The court does not agree that it lacks "jurisdiction" to conduct a jury trial with regard thereto. The conduct of a jury trial is not a jurisdictional issue. Indeed, it is not in any real sense any issue at all, as the mere conduct of a trial with the assistance of a jury as fact finder is not, of itself, an impermissible exercise of Article III powers by a non-Article III court. The exercise of·plenary jurisdiction over the adjudication of essentially private rights may indeed be such an impermissible exercise, as the Supreme Court held in *Northern Pipeline Constr. Co. v. Marathon Pipe Line, Co.,* 458 U.S. 50, 102 S.Ct. 2858, 75 L.Ed.2d 598 (1982). But the adjudication of avoidance actions arising under the Bankruptcy Code is a far cry from *Marathon,* and does not come even vaguely close to violating the strictures of Article III. And merely adding a jury as the primary factfinding tool utilized by the court certainly cannot, of itself, transform such an action into an impermissible exercise of Article III powers.[2] The avoidance causes of action (Counts I through V of the Complaint) shall be placed on a jury docket and tried to judgment accordingly. A supplemental Order Relative to Pretrial, setting out special deadlines for the preparation of jury issues, jury instructions, and proposed voir dire questions, and for the presentation of

motions required to be heard outside the hearing of the jury, shall be issued by the court at a later date.

 With regard to Count VI, the civil conspiracy matter, the court agrees with the defendants that this is a non-core matter, and that the parties are entitled to a jury on that issue. The defendants have not consented to this court's entry of a final judgment thereon. The defendants allege that this court cannot conduct a jury trial in a non-core proceeding where a party does not consent to the bankruptcy court's entering final orders thereon, and suggests that the court should therefore "transfer" the matter for trial to the district court. This court disagrees with both the contention and the recommendation.

The defendant's argument that this court cannot conduct a jury trial in a non-core, related proceeding is premised on cases such as *In re Cinematronics, Inc.,* 916 F.2d 1444 (9th Cir.1990), which in turn conclude that the Seventh Amendment itself must bar such trials. Section 157(c)(1) provides that, if the parties in a non-core proceeding do not consent to the bankruptcy court's entry of judgment, the bankruptcy court must submit findings and conclusions to the district court, which enters the judgment. Parties may obtain a *de novo* review of any issue set out in the bankruptcy judge's findings and conclusions, upon timely and specific objection filed with the district court. If the matter is tried in the bankruptcy court to a jury, and the findings and conclusions are incorporated the verdict of the jury, then this *de novo* review could run afoul of the Seventh

---

1. The defendants have not filed a proof of claim or otherwise submitted themselves to the equity jurisdiction of this court in this case. *See Langenkamp v. Culp,* 498 U.S. 42, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990).

2. Magistrate judges routinely use juries in both civil and criminal matters, even though they do not enjoy the protections of lifetime tenure and immunity from reduction in salary. Of course there is an express statute which authorizes the use of juries in such circumstances, but *Marathon* teaches that Article III itself prohibits Congress from assigning to non-Article III tribunals the attributes of an Article III court. If the conduct of a jury trial were, of itself, such an

attribute, we would have to seriously reconsider the constitutionality of 28 U.S.C. § 636.

Two district courts in Texas have expressly concluded that the conduct of a jury trial is not such an attribute, in the context of jury trials in bankruptcy. *M & E Contractors v. Kugler–Morris General Contractors,* 67 B.R. 260 (N.D.Tex.1986); *R.H. Smith v. Lynco Electric Co. (In re El Paso Refinery, L.P.),* 165 B.R. 826 (W.D.Tex.1994). The Fifth Circuit has not yet addressed the question. Other circuits have, but their logic and analysis are questionable. *See In re Grabill Corp.,* 967 F.2d 1152, 1159–61 (7th Cir.1992) (Posner, J., dissenting); *Id.,* 976 F.2d 1126, 1129–30 (7th Cir.1992), *on rehearing en banc* (Easterbrook, J., dissenting).

Amendment's bar on retrying any issue once tried to the jury. *See* 28 U.S.C. § 157(c)(1);[3] U.S. CONST., AMEND. VII.[4] Thus, goes the logic, bankruptcy judges cannot conduct jury trials in related proceedings. *In re Cinematronics*, 916 F.2d at 1451, *see also Beard v. Braunstein*, 914 F.2d 434, 443 (3d Cir.1990).

Actually, this logic is somewhat flawed. The Seventh Amendment's bar on reexamination of facts tried by a jury prohibits the *de novo* review by the *district* court. The Seventh Amendment is silent regarding the conduct of the jury trial by the bankruptcy court. It will be the task of the *district* court to construe the review provisions of section 157(c)(1) consistent with the Constitution, at such time as review is sought by a party after trial. This court cannot decide that issue *for* the district court (and would not presume to do so); all that *this* court can do is to try the matters referred to it under the general order of reference, and to accord to the parties their constitutional rights, including their right to a jury trial if such a right is indicated. The parties will not face the potential for a violation of their constitutional rights until such time as this court's work is completed and a party first seeks a *de novo* review before the district court. Until that time, the issue is not ripe for adjudication.

For what it's worth, this court believes that a construction of 28 U.S.C. § 157(c)(1)

that salvages the constitutionality of that statute is available to the district court as and when the issue arises. The provisions for *de novo* review contained in that section are not plenary in nature, but rather are delimited to those issues which the aggrieved party expressly raises by motion, after the conclusion of the trial on the merits and the rendition of a verdict. In the case of a verdict rendered by a jury, the aggrieved party's request for *de novo* review would be focused either on the jury's failure to make findings consistent with the facts or its failure to properly apply the law to the facts.[5] And such a request is precisely the same as the relief that would be sought by way of a motion for new trial or motion for judgment notwithstanding the verdict. *See* FED. R.CIV.P. 50, 59. Both of these latter remedies, currently available in *any* jury trial, in any court, were also remedies at law recognized in 1791 when the Seventh Amendment was adopted. Their exercise does not violate the Seventh Amendment when they are sought in a matter tried to a jury in district court. If the breadth of review under the statute is construed to be coterminous with these rules, then the review permitted by section 157(c)(1) should also not violate the Seventh Amendment.[6]

■ Having suggested a way for the district court to avoid having to hold the *de novo* review provisions of section 157(c)(1)

---

3. A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district court after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected. 28 U.S.C. § 157(c)(1).

4. In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law. U.S. CONST., AMEND. VII.

5. Any other *de novo* determination (i.e., one focused on some error alleged to have been committed by the bankruptcy judge) would of course not violate the Seventh Amendment and so is irrelevant for our purposes here.

6. It is worth noting here that the standard for review here is considerably circumscribed from the standard that was in place for the review of findings of magistrate judges when the Supreme Court visited this issue in 1980. *United States v. Raddatz*, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980). Then, district courts could exercise *de novo determinations*, which was construed to be plenary in nature, extending even to a completely new trial in the district court. Were that the language employed in 28 U.S.C. § 157(c)(1), we could scarcely avoid concluding that the statute was unconstitutional. That is not the language employed, however, and in this constitutionally sensitive area we must pay close attention to the words used by Congress. Because section 157(c)(1) limits review only to those issues expressly identified by the parties, the district court is not free to simply retry the entire case. District judges concerned with preserving the constitutionality of the statute are likely to avoid exercising plenary review anyway, even if they thought they could do so.

unconstitutional, the court reiterates that it is still not for this court to make that decision. This matter has been referred to this court under the district court's general order of reference, and reference is a "one-way street." *See* 28 U.S.C. § 157(a). The statute does not confer on this court the power either to decline to consider any matter referred, or to presume to refer a matter back to the district court. Section 157(d) gives to the *district* court the authority to *withdraw* the reference, either on its own motion or on timely motion of a party. 28 U.S.C. § 157(d). Only the *district* court can decide whether this non-core matter must indeed be withdrawn for the reasons urged by the defendants here. This court lacks the authority to rule dispositively on the issue, and cannot even refuse to try the matter assigned to it by the general order of reference. The contention that this court cannot try the civil conspiracy matter in the face of a valid jury demand is therefore one which this court cannot decide. The defendants will have to make their arguments in another court, at such time as they become ripe for adjudication.

■ The parties are, of course, free to file a motion with the district court seeking withdrawal of the reference of all or any portion of this matter, but, until such time as the district court actually rules on such a motion, this court must continue to handle the matter.[7] If the parties fail to obtain a timely, dispositive ruling, the court will try the matter to a jury, at the conclusion of which the court will then submit appropriate findings of fact and conclusions of law (consisting of the jury's answers to the issues presented, and the jury instructions accompanying those jury issues) to the district court for its review and requesting the entry of judgment thereon.

So **ORDERED.**

---

7. The mere filing of a motion to withdraw the reference does not stay the proceedings pending in this court. Fed.R.Bankr.P. 5011(c). Until such time as the district court actually rules on such a motion, the general order of reference controls; this court in the meantime is obligated to manage its docket. Absent a stay, this matter must be scheduled for trial, just as must any other matter pending on this court's docket— even if that means scheduling it for jury trial.