**BOB CROWDER CONSTRUCTION COMPANY, INC., Plaintiff,**

v.

**CANTEX CHEMICALS, INC., Defendant.**

No. 1:94–MC–72.

United States District Court,
E.D. Texas,
Beaumont Division.

Oct. 15, 1994.

Thomas J. Sibley, Beaumont, TX, for plaintiff.

Christopher Matthew Parks, Law Offices of Carl Parker, Port Arthur, TX, for defendant.

### MEMORANDUM OPINION AND ORDER

COBB, District Judge.

Before the court is the plaintiff's unopposed Motion to Withdraw Reference. The plaintiff brought this claim seeking a determination of the priority of its judgment lien and mechanic's and materialman's lien on certain property located at No. 1 Gulf States Road, Beaumont, Jefferson County, Texas. Defendant, Cantex Chemicals, Inc., filed a counter claim alleging that plaintiff wrongfully clouded its title to this property. After considering the Motion, this Court is of the opinion that the Motion is improper and should be DENIED.

1. 28 U.S.C. § 157.

### WITHDRAWAL OF REFERENCE

28 U.S.C. section 157(d) permits a district court to withdraw, in whole or in part, any case or proceeding referred under section 157 to the bankruptcy court, on its own motion or on timely motion of any party for cause shown. 28 U.S.C. § 157(d). Section 157 was enacted in response to *Northern Pipeline Constr. v. Marathon Oil Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), and limited the bankruptcy courts' power to fully adjudicate a case to "all core proceedings arising under Title 11, or arising under a case under Title 11." *See also Matter of Case*, 937 F.2d 1014, 1019 (5th Cir.1991). Section 157(b)(2)(K) specifically includes matters involving the determination of validity, extent, or priority of liens as core bankruptcy proceedings. 28 U.S.C. § 157(b)(2)(K).

Additionally, the Fifth Circuit set out certain criteria for district courts to apply to determine whether to withdraw a case from the bankruptcy courts. *Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992, 998 (5th Cir.1985). In *Holland America*, the court postulated that the district courts must consider *Marathon Oil* to determine whether a bankruptcy court's jurisdiction extends to proceedings that do not involve the debtor-creditor relationship and rest solely on issues of state law. *Holland America*, 777 F.2d at 998. The circuit court also noted that the district courts should "consider the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of debtors' and creditors' resources, and expediting the bankruptcy process." *Id.* at 999. Furthermore, the court, although refusing to specifically address the issue, explained that the demand for a jury trial must also be considered in light of the Bankruptcy Amendments Act[1] and *Marathon Oil*.

In the present case, plaintiff suit against Cantex Chemicals to enforce certain liens is specifically denoted as a core proceeding capable of adjudication in a bankruptcy proceeding. Notwithstanding the express wording of section 157(b)(2)(K), plaintiff contends that the bankruptcy court has

no authority to conduct a jury trial. Plaintiff also contends that the interests of expediency, practicality, economy of judicial resources, and fairness to the bankruptcy judge warrant the withdrawal of reference.

Even if this court ignored the language of section 157(b)(2)(K), at least two district courts in Texas expressly concluded that bankruptcy courts may conduct jury trials. *R.H. Smith v. Lynco Electric Co.*, 165 B.R. 826 (Bankr.W.D.Tex.1994); *M & E Contractors v. Kugler–Morris General Contractors*, 67 B.R. 260 (Bankr.N.D.Tex.1986). Further, a bankruptcy court may hear a non-core proceeding that is otherwise related to a case under Title 11. *Heelco Corp. v. Clay*, 167 B.R. 445, 448 (Bankr.W.D.Tex.1994) (citing 28 U.S.C. § 157(c)(1)).

Plaintiff offers no other colorable reasons pursuant to *Holland América* that warrant this court's grant of the Motion to Withdraw Reference. As such, this court finds that section 157(b)(2)(K) specifically refers to actions involving the determination of the validity of liens as core bankruptcy matters. Furthermore, this circuit permits bankruptcy courts to conduct jury trials. For these reasons, plaintiff's Motion to Withdraw Reference lacks merit.

For the foregoing reasons, the above referenced case is transferred back to the bankruptcy court for disposition and the Plaintiff's Motion to Withdraw Reference is DENIED.